KNEUBUHL MARITIME SERVICES CORP., Plaintiff

v.

WILLIAM ADAMS and QUALITY FURNITURE MANUFACTURING, Inc., Defendants

High Court of American Samoa
Trial Division

CA No. 134-87

July 14, 1988

Before KRUSE, Associate Justice, AFUOLA, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Charles Ala'ilima
For Defendants, Frank Swett

This is an action on account for unpaid freight and plaintiff seeks judgment against defendants in the sum of $7,000 together with such allowable interest and costs of collection.

The freight account is not disputed, however, defendant William Adams does dispute personal liability on the theory that the indebtedness is one which accrued against the corporate entity "Quality Furniture Manufacturing, Inc." Adams admits only to the extent that he was a minor shareholder in the said defendant corporation with the limited role of technical advisor, and he cites in his defense A.S.C.A. §§ 30.0114 and 30.0130 which exempt the private property of shareholders from such corporate liability.

Plaintiff on the other hand claims that in its past and extended dealings with Adams the impression gained was that the business "Quality Furniture" was not only owned but controlled by Adams. Plaintiff's operations supervisor, Eugene Anderson, testified that he had had five years of personally dealing with Adams regarding shipments on behalf of the business Quality Furniture. As far as he was made aware Adams owned Quality Furniture and he had dealt with him (and no one else) without any understanding that Adams was a corporate agent as he now claims. In the course of these dealings and at the request of Adams, Anderson agreed on behalf of his company to allow shipments for Quality Furniture to be shipped to the territory on a freight collect basis. The resultant working arrangement was that Adams would usually satisfy each freight bill within 30 to 60 days of release of consignment.

For some time the relationship was mutually beneficial. On the freight in question, which was the subject of three separate bills of lading, Anderson testified that when payment had not been made in accordance with past practice he contacted Adams. The latter advised him that he would take

21

care of the matter and indeed Adams subsequently tendered Anderson a check in partial payment of $3502.37, although leaving a balance remaining of $7000. After some discussion on the matter, Adams left with Anderson a signed writing containing the following:

July 8th, 1986

Gene:

Here is USD3502.37 on our account of $10,502.37. The balance I'll pay as follows:

 On or about 7/21/86 $3500.00
 On or about 8/10/86 3500.00

This will balance up this shipment and leave me owing -0-

Thanks for your help

/s/Bill Adams.

The accompanying check tendered, although signed by Adams, contains the printed drawer identification as "Quality Furniture Manufacturing Inc."

As events turned out the promised payments were never made and somewhere in the ensuing dialogue between the parties leading up to this litigation, defendants advised plaintiff that Quality Furniture Manufacturing is a corporation since defunct and gone out of business. (See paragraph Second of defendant's answer.)

DISCUSSION

As we stated at the outset, the indebtedness itself was not contested. At least insofar as Quality Furniture is in fact a corporate entity, its liability was not disputed and judgment may therefore enter against it. We also note that in as much as the business was in fact a corporate entity, we were not impressed with the testimony which sought in its effect to avoid liability by waving the banner "dissolution." As we understand the corporations statute, A.S.C.A. §§ 30.0101 et seq., dissolution is not a vehicle for avoiding creditors and on the evidence before us, we were left with grave reservations regarding the "bona

22

fides" of the defendants. Firstly, it is apparent that contemporaneous with the claimed dissolution exercise, negotiations were undertaken by Adams as an individual and on behalf of a "Quality Furniture Manufacturing Inc.," to secure a long term leasehold on property located in Nu'uuli. See Adams v. Lafaele, LT No. 21-86 (1986). This case indeed resulted in a stipulated judgment acknowledging a leasehold estate in Adams and Quality Furniture Manufacturing Inc. Incidentally, another furniture business was then set up in this location. Notwithstanding, Adams testified that the defendant corporation was dissolved at the conclusion of 1986 after liquidating assets to satisfy a judgment debt outstanding against it at the time. Additionally, the Court is told that the new venture is a separate entity and Adams disclaims any interest therein, although the same is owned by his wife, and that he merely helps her out periodically.

In the light of pending claims against the original corporate entity the dissolution exercise and reincorporation is tantamount to a sham on creditors. A change in clothes does not render one a new person and in the eyes of equity liability will attach to all that is properly traceable to the original corporation. The leasehold estate above mentioned is, for example, available to this end.

We further find on the facts that defendant Adams is liable on the indebtedness. This liability is primary and contractually based as we construe his written undertaking of July 8th, 1986 given to Anderson. The language is unequivocally clear that the undertaking is a personal one as there is no suggestion whatsoever of a corporate commitment. Indeed the suggestion of such a corporate commitment would be nonsense from the point of view of Anderson and his employer since the underlying obligation, consistent with Mr. Adams' defense, is already the corporation's and thus any additional assurances by the corporation would be without consideration and meaningless to plaintiff. Rather, we construe the undertaking as being a separate and additional assurance or guarantee given by Adams in consideration of plaintiff's forbearance from suing the corporation at the time. In turn, there was obviously reliance by plaintiff on this mentioned writing.

23

We accordingly conclude that defendants are severally liable to plaintiff in amount of $7000 and therefore plaintiff will have judgment against Quality Furniture Manufacturing Inc., and William Adams in the sum of $7,000.00 with interest to accrue on judgment as provided by law plus court costs.

It is so ORDERED.